J2 GLOBAL AND ADVANCED   )
MESSAGING TECHNOLOGIES, INC.,  )
               )
               )
vs.              )     ORDER
               )
BANK OF AMERICA CORPORATION,  )
               )
_____)

   THIS MATTER comes before the Court on j2 Global and Advanced Messaging Technologies, Inc's ("collectively j2") Motion to Compel Third Party Bank of America Corporation, [Doc. No. 1], Bank of America's opposition, [Doc. No. 2], and j2's reply [Doc. No. 3].

   j2's motion stems from a case pending in the United States District Court for the Central District of California, *j2 Global Communications, Inc. v. Captaris, Inc. and Open Text Corp.*, No. 2:09cv04150-DDP-AJW. In that litigation, j2 asserts indirect patent infringement claims against Captaris, Inc., and Open Text Corp. j2 contends that Open Text sells software that enables its customers, such as Bank of America, to send and receive faxes via the Internet. j2 contends that Open Text induces its customers to infringe one or more patents-in-suit covering aspects of Internet faxing. Prior to serving the subject subpoenas on Bank of America and Open Text's other customers, j2 first sought discovery about the customers from Open Text directly. [Doc. No. 1-1, Frank L. Bernstein Declaration (Bernstein Decl), ¶ 15]. However, Open Text has represented that it does not possess this information. [*Id.*].

   On September 1, 2011, j2 served a subpoena duces tecum on Bank of America,

requesting documents with information relating to Bank of America's purchase, installation, and usage of the accused Open Text fax products. [Bernstein Decl, ¶ 2, Doc. No. 1-4]. On September 22, 2011, defendant Open Text filed a motion for protective order to limit j2's subpoena to third parties. [*Id., ¶ 4, Doc. No. 1-5*]. On November 30, 2011, the court denied Open Text's motion for protective order. [*Id.*, ¶ 5, Doc. No. 1-6.]. Bank of America's subpoena response office informed j2's counsel that it would begin collecting documents when it received a copy of the court's order, which was sent shortly afterwards. [*Id.*, ¶ 6]. On February 15, 2012, j2 re-sent the subpoena to Bank of America. [*Id.* ¶ 8]. On March 13, 2012, j2 re-sent the subpoena for a third time. [*Id.* ¶ 10]. On August 16, 2012, j2 filed the instant motion to compel.

Bank of America contends that j2's subpoena is facially invalid for failure to comply with the requirements of Rule 45(a)(2)(C) and therefore this Court is without jurisdiction to enforce j2's improperly issued subpoena. Bank of America further argues that even in the subpoena had been properly issued and this Court did have jurisdiction, the Motion to Compel should be denied as the subpoena subjects Bank of America to an undue burden.

j2 concedes a technical defect in its subpoena to Bank of America in that it lists a place of production outside of the territorial jurisdiction of this Court. By way of explanation, j2 offers that its counsel inadvertently listed a Delaware location as the place of production on the subpoena and asks that the Court not dismiss j2's motion on this "hypertechnical" deficiency. Instead, j2 asks that the Court modify the subpoena to list a specified Charlotte, NC location as the place of production.

## ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure directs that '[a] subpoena must issue ... for production or inspection, if separate from a subpoena commanding a person's attendance,

from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). All three subpoenas at issue in this case, which seek only production of documents, were issued from this district, but command that the requested documents be produced at a location in Wilmington, Delaware. [Doc. No. 1-4 at 2]. Wilmington, Delaware is not within the Western District of North Carolina.

While courts have differed in their interpretation of Federal Rule of Civil Procedure 45(a)(2)(C), this Court finds that j2's subpoena, requesting documents to be produced outside of this district, is facially invalid and therefore this Court is without jurisdiction to enforce such subpoena. *See, Doe I v. Pauliewalnuts*, 2008 WL 4326473 (W.D. Va. Sept. 19, 2008) ("In this case, production is to be made in Richmond, Virginia in the Eastern District of Virginia. . . . Therefore, it appears that the subpoena issued from the Western District of Virginia is facially invalid before such a subpoena could have been properly issued only from the Eastern District of Virginia."); *Falicia v. Advanced Tenant Servs*, 235 F.R.D. 5, 11 (D.D.C. 2006) ("[T]his court [in the District of Columbia] could not issue a subpoena that required Wachovia to produce the documents in Maryland."); *James v. Booz-Allen & Hamilton*, 206 F.R.D. 15, 19 (D.D.C. 2002) ("Here, the subpoena was issued from this court and compels PGHRC to produce documents for inspection in New Carrollton, Maryland. Because the place of production and inspection in this case is outside of the judicial district of this court, the subpoena is improper and therefore is quashed."); *McNereny v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (subpoena facially invalid when issued from the Western District of New York for production of documents in Tennessee). j2 asks this Court to modify the subpoena to direct the documents be produced in Charlotte, NC, however, this Court declines to so amend the subpoena given that the

Court does not believe the defect in the subpoena can be waived.[1]  *See Tattle Tale Portable Alarm Systems v. Calfee, Halter & Griswold*, 2012 WL 1191214 (D.N.J. April 10, 2012).

The Court has considered the arguments in j2's motion and reply as well as Bank of America's opposition and will deny j2's Motion to Compel for the reasons stated herein.

**IT IS, THEREFORE ORDERED** that j2's Motion to Compel Third Party Bank of America is DENIED (Doc. No 1).

**SO ORDERED**.

Signed: October 18, 2012

Graham C. Mullen
United States District Judge

---

[1] However, there is no reason that j2 could not issue a new subpoena listing the place of production within the Western District of North Carolina. The Court understands that this ruling may result in a certain duplication of efforts on the part of j2, however, the Court is unable to rule on the merits of a motion if the Court perceives itself to be without jurisdiction. Bank of America is cautioned, to the extend j2 issues a new subpoena, to respond to the subpoena with the requested documents or with a timely filed valid objection.